IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Marco Antonio Velez, #10511-171, | Civil Action No. 5:18-3574-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden, F.C.I. Estill, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. For the reasons set forth below, the Court declines to adopt the R & R as the Order of the Court and refers this matter back to the Magistrate Judge for further review.

I. **Background**

Petitioner Marco Velez is an incarcerated person petitioning *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) In 2004, Petitioner pled guilty to one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*United States. v. Velez*, 4:04-cr-0093-TLW, Dkt. Nos. 43, 44.) Petitioner was sentenced to 276 months' imprisonment and five years' supervised release. The sentence was based in part on the finding that Petitioner was a career offender due to his prior conviction for assault and battery of a high and aggravating nature ("ABHAN") in South Carolina. (*Id.* at Dkt. Nos. 52, 56.)

Petitioner filed his first 28 U.S.C. § 2255 motion on March 9, 2007. (*Id.* at Dkt. No. 88.) In 2016, the Court of Appeals for the Fourth Circuit granted Petitioner's motion to file a second

or successive § 2255 petition. (*Id.* at Dkt. No. 126.) Petitioner asserted in the second § 2255 motion the unconstitutionality of his career offender enhancement. (*Id.* at Dkt. No. 127.) While that motion remained pending before the sentencing court, Petitioner brought the instant petition for § 2241 relief.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

After careful review of the record, the Court declines to adopt the R & R and refers this matter back to the Magistrate Judge for further review.

The instant § 2241 petition challenges the validity of Petitioner's sentence. Generally, a § 2241 petition "attacks the execution of a sentence rather than its validity, whereas a § 2255 motion attacks the legality of detention." *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (internal quotation marks omitted). Moreover, the exclusive remedy for collaterally attacking the imposition of a sentence is to seek relief under §

2255, unless that remedy is "inadequate or ineffective." 28 U.S.C. § 2255(e). A § 2255 petition is inadequate or ineffective when: "(1) at the time of conviction, settled law of [the Fourth] circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner argues for relief under § 2241 because his § 2255 motion was, at the time, pending disposition before the sentencing court and, therefore, was a "de facto denial of relief." (Dkt. No. 1 at 4.) The Magistrate Judge noted that district courts in this circuit have found that a § 2255 motion is not *per se* inadequate because it is pending disposition, and recommended the § 2241 petition be dismissed on that basis. *See, e.g.*, *Brown v. Bragg*, No. CV 6:18-1164-MBS, 2019 WL 161963, at *2 (D.S.C. Jan. 10, 2019). Petitioner also acknowledged to the sentencing court that in light of the U.S. Supreme Court's denial of certiorari in *United States v. Thilo Brown*, 139 S. Ct. 14 (2019), he "does not appear to be entitled to relief in this successive § 2255" petition. (No. 4:04-cr-0093-TLW, Dkt. No. 135.) The sentencing court then dismissed the § 2255 petition as untimely. (*Id.* at Dkt. No. 139.) The Court, therefore, declines to adopt the R & R as the Order of the Court because its reasoning is mooted by the subsequently dismissed § 2255 motion.

Whether Petitioner is now entitled to § 2241 relief, including in light of whether ABHAN constitutes a crime of violence in South Carolina to support a sentencing enhancement, is referred back to the Magistrate Judge for further consideration.

## IV. Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the R & R of the Magistrate Judge (Dkt. No. 11) as the Order of the Court and this matter is **REFERRED BACK** to the Magistrate Judge for additional review.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 7, 2019
Charleston, South Carolina