IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Marco Antonio Velez,<br><br>　　PETITIONER<br><br>　　v.<br><br>Warden, FCI Estill<br><br>　　RESPONDENT | Case No. 5:18-cv-03574-TLW<br><br><br>**Order** |

Petitioner Marco Antonio Velez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 59. In the Report, the magistrate judge recommends that Respondent's motion to dismiss be granted and the petition be dismissed for lack of jurisdiction. Velez filed objections to the Report. ECF No. 63. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections

---

[1] He initially filed his petition *pro se*, but an assistant federal public defender has since noticed her appearance on his behalf. ECF No. 128.

1

> are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections.

In May 2004, Velez pled guilty before this Court to a gun charge under 18 U.S.C. § 924(c). No. 4:04-cr-00093-TLW-1 (D.S.C.) He was sentenced as a career offender to 276 months under the then-mandatory Sentencing Guidelines. His career offender predicate offenses were a New York conviction for manslaughter and three South Carolina convictions for assault and battery of a high and aggravated nature (ABHAN) that were collectively counted as a single predicate offense. As discussed in detail in the Report, his previous habeas petitions were all denied, including a post-*Johnson*[2] § 2255 petition that was denied as untimely because *Johnson* did not recognize the specific right at issue, so he could not use that case to restart the applicable statute of limitations. *See* No. 4:04-cr-00093-TLW (D.S.C.), ECF No. 139.

Velez argues that he can proceed under § 2241 because the cases that he primarily relies on—*Descamps v. United States*, 570 U.S. 254 (2013), *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), and *United States v. Montes-Flores*, 736 F.3d 357 (4th Cir. 2013)—apply retroactively on collateral review. But in two Fourth Circuit opinions issued within the last two years involving § 2241 petitioners, the

---

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Fourth Circuit held that *Descamps* and *Mathis v. United States*, 136 S. Ct. 2243 (2016) (a later entry in the *Descamps* line of cases) do not apply retroactively on collateral review. *See Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); *Walker v. Kassell*, 726 F. App'x 191, 192 (4th Cir. 2018).

The Court is aware that, as unpublished decisions, *Brooks* and *Walker* are not binding on this Court. *See United States v. Hall*, 858 F.3d 254, 283 (4th Cir. 2017). However, in light of the recency of those Fourth Circuit opinions, the Court will follow *Brooks* and *Walker* here. Further, the magistrate judge in the Report has cited caselaw she sets forth that indicate that *Descamps*, *Hemingway*, and *Montes-Flores* do not apply retroactively on collateral review. The magistrate judge also sets forth the *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) analysis.

After careful review of the Report, memoranda, cited caselaw, and the objections, for the reasons set forth above, the Report, ECF No. 59, is **ACCEPTED**, Velez's objections, ECF No. 63, are **OVERRULED**, Respondent's motion to dismiss, ECF No. 49, is **GRANTED**, Velez's motion for summary judgment, ECF No. 39, is **DENIED**, and Velez's motion for immediate release, ECF No. 40, is **DENIED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

March 27, 2020
Columbia, South Carolina